Drake, Ch. J.,
announced the following order:
The motion filed herein on the 7th instant, by Mr. T. W. Bart-ley, attorney for the claimant, “for a full and complete record of the judgment and of all the proceedings in this case,” having been argued and submitted on the 15th instant, the court takes order in the premises, as follows:
The said motion specifies, as the matters sought to be added to the record of the case on appeal, the following:
1. A motion, filed February 27, 1880, to exclude certain evidence filed and printed in the cause;
2. An amendatory motion, of similar import, filed February 28,1880; and
3. The motion for a new trial, filed in the case according to the rules of the court, and the decision of the court on this motion.
In reference to said matters the court orders the following statement to be filed of record:
On the 27th of February, 1880, the claimant’s attorney filed a motion to rule out and exclude from the evidence in the cause, as incompetent and calculated to prejudice the claimant’s case, an unsworn statement, filed and printed in the case, purporting to be signed by W. D. Spr'ott, and also sundry hearsay statements and conversations in the deposition of Isaac S. Lyon, filéd in the case. Upon this motion a judge of the court, in chambers, made this indorsement, “Let this motion be heard at the trial of the case on its merits.”
On the 28th of February, 1880, the claimant’s attorney filed another motion, amendatory of that filed the day before, in *75 which amendatory motion he moved to rule out and exclude, as incompetent evidence, the following, to wit:
1. The deposition of Laz. Lindsay, taken at Vicksburg in March, 1879; and
2. The entire depositions of Isaac S. Lyon and Enos Richmond, taken, at Washington, D. C., in December, 1879.
Upon this second motion a judge of the court, in chambers, made this indorsement: “To be heard at the time of the trial on its merits.”
The case came on for trial, with the claimant’s assent, on the 2d day of March, 1880, and the trial thereof was continued.on the 3d, 4th, 9th, 10th and 11th days of that month, before the Chipf Justice and all the judges of the court, and was finally submitted on said last named day; and the judgment of the court dismissing the claimant’s petition was rendered, without dissent, on the 29th day of said March. •
At no time during said trial did the claimant or either of his counsel ask the court to pass upon or consider the aforesaid motions of the 27th and 28th of February, 1880, or either of them, and they remain unacted on to this day; nor did the claimant or his counsel, at the trial, make any other motion in relation to the subject-matter of those two motions; nor at said trial was the said statement purporting to be signed by W. D. Sprott, the said deposition of Isaac S. Lyon, or that of Laz. Lindsay, or that of Enos Richmond, or any part of said un-sworn statement, or of either of said depositions, read or offered to be read in evidence by either party to the cause; nor did the court, in considering and deciding the case, read any part of said statement or of said depositions; but found the facts wholly upon the other evidence presented in the case.
On the 21st day of May, 1880, the attorneys of the claimant filed in the cause a motion for a new trial, in the shape of a printed pamphlet of forty-three pages, reviewing the evidence and arguing the law at great length; and, among-many other allegations, the said pamphlet averred, not only without any evidence to support the averment, but in direct opposition to the facts, as known by every member of the court, that the incompetent evidence specified in said motions of February 27 and 28 had been got before the court by the defendants’ counsel, “ and had been read by the judges with the rest of the evidence, and had left its impression upon their minds, which *76 imperceptibly blurred and clouded the medium through which the claimant’s evidence was viewed and weighed.” This motion was, without dissent, overruled on the 7th day of June, 1880.
This motion for a new trial was not embodied in the record sent to the Supreme Court of the United States on appeal, because, in the judgment of this court, incorporation of it in said record was not authorized by the rules adopted by that court in relation to appeals from this court, for these reasons: 1. The refusal to grant a new trial is not, in the sense of those Rules, -an “interlocutory order, ruling, judgment, or decree,” since that only is interlocutory in an action which decides some point or matter before the final judgment is rendered; 2. The action of the court on the motion for a new trial could not, as seemed to this court, be necessary to a proper review of the case in the Supreme Court, since the Rules of that court prescribe that appeals from this court shall be heard upon a record made up of the pleadings in the case, the final judgment of this court, such interlocutory orders, rulings, judgments, and decrees as might be necessary to a proper review of the case, a finding of facts established by the evidence, and the conclusions of law upon said facts on which this court founded its judgment; and 3. The Supreme Court could not review the refusal of this court to grant a new trial, unless it had before it all the evidence which was before this court; and the rule of that court expressly forbids the evidence in the case to be sent up in the record on appeal.
In view of the foregoing statement it is ordered and adjudged—
Mrst. That a full and complete record of this case, as prescribed by the rules of the Supreme Court of the United States, has been transmitted to that court on the claimant’s appeal; and
Second. That the motion of the claimant filed on the 7th instant be overruled.
This motion was heard before the Chiee Justice and J. J. Richardson and Scoeield.